UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

HENRY L. WATSON, III,

      Plaintiff,

v.                                                             Case No. 23-CV-1476

WAUPUN CORRECTIONAL INSTITUTION,
DEPARTMENT OF CORRECTIONS, and
GOVERNOR TONY EVERS,

      Defendants.

---

## ORDER

Plaintiff Henry L. Watson, III, who is confined at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) Watson also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.)

The court has jurisdiction to resolve Watson's motion and screen the complaint in light of Watson's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because Watson was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

On November 6, 2023, Watson filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) On November 7, 2023, the court ordered that Watson shall pay $7.03 as an initial partial filing fee by December 7, 2023. (ECF No. 5.) Watson paid the fee on November 30, 2023. The court will grant Watson's motion for leave to proceed without prepayment of the filing fee and allow him to pay the full filing fee over time in the manner explained at the end of this order.

**SCREENING OF THE COMPLAINT**

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon

which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Morris Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Watson's Allegations*

Watson alleges that Waupun has been on 24-hour lockdown at the direction of Warden Randall R. Hepp. (ECF No. 1 at 2.) As a result, Watson is only allowed out of his cell for one 15 minute shower per week and 45-60 minutes of recreation time per week. (*Id.*) Some weeks, recreation time was not allowed at all. (*Id.*) Additionally, Watson has been unable to meaningfully contact his family and friends because prisoners are not allowed in-person visits, and he is unable to leave his cell to load money onto his media account to email them. (*Id.*)

Additionally, because of the lockdown, Watson is served only two meals a day consisting of "one sandwich, pint of milk, chips, and a tiny pack of cookies." (ECF No. 1 at 3.) Also, Watson is denied access to "any and all law materials," making it difficult to litigate his cases. (*Id.*) As a result of the lockdown, he is hungry, depressed, and suicidal. (*Id.*)

Watson seeks the ability to access legal materials, to have recreation once a day, and to have adequate meals, or, in the alternative, transfer to a different institution that is not on lock down. (ECF No. 1 at 4.) He also seeks $2.5 million in damages. (*Id.*)

*Analysis*

Watson claims that his constitutional rights are being violated by the lockdown imposed by Warden Hepp. "The Eighth Amendment can be violated by conditions of confinement in a jail or prison when (1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results 'in the denial of the

4

minimal civilized measure of life's necessities' and (2) where prison officials are deliberately indifferent to this state of affairs." *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). Inadequate meals, inadequate showers, and lack of the opportunity to exercise can be deprivations that violate the Eighth Amendment. *See Delaney v. DeTella*, 256 F.3d 679, 684 (7th Cir. 2001). At this stage, Watson states a conditions of confinement claim under the Eighth Amendment, but as the case progresses he will have to demonstrate that the deprivations were not proportionate to a legitimate penological purpose. *See Pyles v. Spiller*, 708 F. App'x 279 (7th Cir. 2017).

However, there is a question of who the appropriate defendant in this case is. Watson names Waupun, the Wisconsin Department of Corrections (DOC), and Governor Tony Evers. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. Waupun and the Wisconsin Department of Corrections are not people nor are they a separate legal entity that can be sued under § 1983. *See Louis v. Milwaukee County Jail*, No. 17-cv-113-wed-pp, 2017 WL 3037567 at *2 (E.D. Wis. July 18, 2017) (citing *Powell v. Cook Cty. Jail*, 814 F. Supp. 757, 758 N.D. Ill. 1993)). Watson presumably names Governor Evers in his capacity as the executive of the State of Wisconsin. However, Watson does not allege that Governor Evers had any personal knowledge of the events, so he is not appropriately named as a defendant. *See Hildebrant v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003) (quoting *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996)). He is dismissed.

5

Waupun is also dismissed. However, with regard to the DOC, it is a state agency and claims against a state agency are "no different from a suit against the State itself," so the court will construe the claims involving the DOC as claims against the State of Wisconsin. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989) (Citing *Graham* 437 U.S. at 165-166; *Monell,* 436 U.S. at 690 n. 55). A state may be considered a "person" under § 1983 where the plaintiff seeks injunctive relief and alleges that the state itself is responsible for the violation of his constitutional rights because of a practice, custom, or policy. *Will*, 491 U.S. at 71 n. 10; *Graham*, 473 U.S. at 166 (citing *Monell*, 436 U.S. at 694). Watson appropriately alleges that the policy of the lockdown is violating his constitutional rights, and he seeks injunctive relief. Thus, he may proceed on an Eighth Amendment claim against the DOC[1], but he cannot recover monetary damages against the DOC.

Having said that, he may recover monetary damages for an Eighth Amendment claim against Warden Hepp, who implemented the lockdown policy. The court will add Warden Hepp as a defendant, and Watson may proceed on an Eighth Amendment conditions of confinement claim against him.

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Watson's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that defendant Waupun Correctional Institution and Governor Tony Evers are **DISMISSED**.

---

[1] For simplicity's sake, the court will keep the DOC as the defendant instead of naming the State of Wisconsin.

**IT IS FURTHER ORDERED** that the clerk of court add Warden Randall Hepp as a defendant.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Warden Randall Hepp and the DOC. It is **ORDERED** that, under the informal service agreement, the defendant shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that the agency having custody of Watson shall collect from his institution trust account the $342.97 balance of the filing fee by collecting monthly payments from Watson's prison trust account in an amount equal to 20% of the preceding month's income credited to Watson's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Watson is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Watson is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> 517 E. Wisconsin Avenue, Room 362
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Watson is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Watson is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Watson's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common

---

[2] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Questions," this guide contains information that Watson may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 15th day of December, 2023.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge