UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

───────────────────────────────────────────────

**HENRY L. WATSON,**

        **Plaintiff,**

v.                                           Case No. 23-CV-1476

**WISCONSIN DEPARTMENT OF CORRECTIONS,** *et al.*,

        **Defendants.**

───────────────────────────────────────────────

**DECISION AND ORDER**

───────────────────────────────────────────────

Plaintiff Henry L. Watson, who was previously incarcerated and is representing himself, brings this lawsuit under 42 U.S.C. § 1983. After surviving a motion for partial summary judgment on the ground that Watson failed to exhaust his administrative remedies, the only remaining claim is an access to courts claim pursuant to the First Amendment. (ECF No. 32.) Watson was allowed to seek injunctive relief against defendant Wisconsin Department of Corrections requiring them to restore his access to the law library. He was also allowed to proceed on a claim against defendant Warden Randall Hepp for monetary damages for denying him access to the law library. The defendants filed a motion for summary judgment, which is fully briefed and ready for a decision. (ECF Nos. 36.) The parties have consented to the jurisdiction of a magistrate judge. (ECF Nos. 6, 14.)

## PRELIMINARY MATTER

The defendants argue that Watson failed to follow Federal Rule Civil Procedure 56 and Civil Local Rule 56 when responding to their motion for summary judgment, failing to substantively dispute their proposed findings of fact. (ECF No. 47 at 2-3.) District courts are entitled to construe *pro se* submissions leniently and may overlook a plaintiff's noncompliance by construing the limited evidence in a light most favorable to the plaintiff. *See Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). While Watson's proposed findings of fact do not formally conform with the rules, his response contains sufficient facts to allow the court to rule on the defendants' summary judgment motion. Watson also invokes 28 U.S.C. § 1746 in his complaint, which is enough to convert the complaint into an affidavit for purposes of summary judgment. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017); *Owens v. Hinsley*, 635 F.3d 950, 954–55 (7th Cir. 2011). As such, the court will consider the information contained in Watson's submissions where appropriate in deciding defendants' motion.

## FACTS

The facts are largely undisputed. At all times relevant Watson was incarcerated at Waupun Correctional Institution. (ECF No. 38, ¶ 1.) Hepp was the Warden of Waupun at that time. (*Id.*, ¶ 2.)

On March 30, 2023, Hepp placed Waupun on a "modified movement plan" because Waupun had "limited staffing numbers" and experienced three separate incidents involving prisoners between March 27 and March 29, 2023. (ECF No. 38, ¶¶ 6-7.) The defendants do not elaborate on what the incidents were or whether they involved

violence. The modified movement plan was "for the safety and security of the institution and staff members." (*Id.*, ¶ 7.) Under the modified movement plan, "everything but the necessities were stopped for a period of time" to allow staff to regain control of the institution. (*Id.*, ¶ 8.) This included suspending access to the law library. (*Id.*, ¶ 9.)

According to Hepp, the law library staff were "still responding to correspondence and at times made legal resources available" to prisoners in their cell upon written request. (ECF No. 38, ¶ 9.) Hepp was not involved in the management of the law library, nor did he decide who was provided materials while access to the law library was suspended. (*Id.*)

Hepp asserts that Watson did not submit any requests to the law library during the period covered by the modified movement plan. (ECF No. 38, ¶ 14.) On April 18, 2023, Watson submitted an Interview/Information Request addressed to both the Deputy Warden's Office and the Security Director's Office inquiring about access to his legal materials while under the modified movement plan. (*Id.*, ¶ 15.) Non-defendant Mallory Born, serving at the Deputy Warden's secretary, responded to this request the next day, notifying Watson that "all activities had been placed on hold temporarily and that he should write to the librarian regarding the law library." (*Id.*, ¶ 16.) Hepp asserts Born's response was appropriate because Watson's request was submitted in the early stages of the modified movement plan. (*Id.*) Born did not forward the request to either Deputy Warden Propson or Hepp. (*Id.*, ¶ 19.)

Watson asserts that he submitted several forms to the law library, but he could not include them with his response to the defendant's summary judgment motion as

3

evidence because they were never returned to him. (ECF No. 45 at 1.) He further states that law library staff did not respond to his requests. (*Id*.)

It is undisputed that access to the law library was restored on August 2, 2023, for those prisoners who could demonstrate that they had looming court deadlines. (ECF No. 38, ¶ 21.) Full access was restored on May 20, 2024, and any prisoner could go to the law library after making an appointment. (*Id.*, ¶ 21.) Additionally, prisoners now have access to Westlaw on their tablets via the Electronic Inmate Law Library System, which means they can conduct legal research in their cells without having to go to the law library. (*Id*.)

Watson asserts that, as a result of being denied access to the law library and unable to conduct legal research, he was unable to properly respond to the defendants' earlier motion for partial summary judgment on the grounds that Watson failed to exhaust his administrative remedies in this case. (ECF No. 45 at 4.) As a result, his conditions of confinement claim was dismissed. (*Id*.)

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

4

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment a party cannot just rely on his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## ANALYSIS

Watson claims that the defendants violated his constitutional rights when they denied him access to the law library, thereby denying him access to the courts. Watson does not dispute that law library access was restored in full on May 20, 2024. As such, the court grants summary judgment in favor of the Wisconsin Department of Corrections because the claim against it is now moot.

Regarding Watson's claim against Hepp, § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Hildebrant v.*

5

Case 2:23-cv-01476-WED   Filed 10/27/25   Page 5 of 8   Document 52

*Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003) (quoting *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996)). Watson argues that Hepp is the proper defendant because he implemented the modified movement plan and oversaw its execution. Essentially, he is arguing that Hepp should be liable because of his supervisory position.

However, supervisors can be held liable for constitutional violations caused by their employees only where the violation happens at the supervisor's direction or with the supervisor's knowledge and consent. *Hildebrant v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). In other words, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id.* Watson did not allege nor demonstrate that Hepp knew that Watson, specifically, did not have access to legal research.

As for the substance of Watson's claim against Hepp, "[p]risoners have the right to 'adequate, effective, and meaningful' access to the courts." *Blanck v. Vannatta*, 115 Fed. App'x. 884, 886 (7th Cir. 2004) (quoting *Bounds v. Smith*, 430 U.S. 817, 822 (7th Cir. 1977)). However, to state a claim for denial of access to the courts, "a prisoner must demonstrate that he suffered an actual injury, that is, that actions by the defendants hindered his ability to pursue a non-frivolous legal claim." *Id.* The injury Watson asserts he suffered—not being able to properly respond to the defendants' motion for partial summary judgment on exhaustion grounds filed in *this* case—occurred *after* he filed this case and was not mentioned anywhere in his complaint. Nor did Watson amend his complaint to seek damages for this alleged injury. Because Watson cannot demonstrate that he suffered an injury for which he can recover damages, and because Hepp is not

6

properly named as a defendant in this case, summary judgment is granted in favor of Hepp.

## CONCLUSION

For the foregoing reasons, the defendants' motion for summary judgment is granted. Hepp also argued that he was entitled to qualified immunity but because the court found in his favor on the merits, it does not need to address the qualified immunity argument. Because there are no remaining claims, the case is dismissed.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion for summary judgment (ECF No. 38) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot

extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 27th day of October, 2025.

BY THE COURT

*William E. Duffin*
WILLIAM E. DUFFIN
United States Magistrate Judge

8

Case 2:23-cv-01476-WED   Filed 10/27/25   Page 8 of 8   Document 52